**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **TORUS VENTURES LLC,** | |
| Plaintiff | Case No. 2:24-cv-00552-JRG |
| **v.** | |
| **CAWLEY PARTNERS, LLC,** | **JURY TRIAL DEMANDED** |
| Defendant. | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**
**TO PLAINTIFF'S COMPLAINT**

1.      Defendant files this Answer and Affirmative Defenses to Plaintiff Torus Ventures LLC's Complaint for Patent Infringement. Defendant denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs (numbered corresponding to the Complaint).

**PARTIES**

2.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies same.

3.      Denied.  "Cawley Partners" is the d/b/a of Cawley Management, LLC, a Texas LLC that maintains an established place of business at 16400 N. Dallas Parkway, Suite 150, Dallas, Texas 75248.

**JURISDICITION**

4.      Defendant admits that Plaintiff's Complaint purports to set forth an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*

1

5.      Defendant admits that this Court has subject matter jurisdiction over this action.

6.      Defendant does not contest that this Court has personal jurisdiction over it for purposes of this action only.  Defendant denies it has committed any acts of patent infringement within this District or elsewhere, and therefore denies the remaining allegations of this paragraph.

## VENUE

7.      Defendant does not contest that venue is proper in this District, but denies that this District is a convenient or appropriate venue for this action.  Defendant denies it has committed any acts of patent infringement within this District or elsewhere, and therefore denies the remaining allegations of this paragraph.

## PATENT-IN-SUIT

8.      Defendant denies that the '844 Patent is valid or enforceable.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies same.

## THE '844 PATENT

9.      Defendant admits that Exhibit 1 appears to be a copy of U.S. Patent No. 7,203,844 ("the '844 Patent").  Defendant admits that the stated filing and issue dates of the '844 Patent are consistent with what is stated on the face of Exhibit 1.

## ALLEGED COUNT 1

10.      Defendant incorporates its responses in the preceding paragraphs as if fully set forth herein.

11.      Denied.

12.      Denied.

13.      Denied.

HOU 6104911.1

14.     Denied.

15.     Denied.

16.     Denied.

17.     Defendant acknowledges the incorporation by reference of Exhibit 2 but denies that Exhibit 2 supports Plaintiff's allegations.

18.     Denied.

### JURY DEMAND

19.     Defendant also requests a trial by jury of any issues triable by right.

### PRAYER FOR RELIEF

20.     These paragraphs set forth the statement of relief requested by Plaintiff to which no response is required.  Defendant denies that Plaintiff is entitled to any of the requested relief, and denies any allegations contained in the Prayer for Relief implicit in such request.

### AFFIRMATIVE DEFENSES

21.     Defendant asserts the following affirmative defenses, reserving the right to modify, amend, and/or expand these defenses as discovery proceeds.

### First Affirmative Defense (Non-Infringement)

22.     Defendant does not infringe, has not infringed (either directly or indirectly), and is not liable for infringement of any valid and enforceable claim of the '844 Patent, either literally or under the doctrine of equivalents.

### Second Affirmative Defense (Invalidity)

23.     The claims of the '844 Patent are invalid under Title 35 of the United States Code, including but not limited to 35 U.S.C. § 101, 102, 103, and/or 112.

HOU 6104911.1

### Third Affirmative Defense (Statutory Limits on Damages)

24.     Plaintiff's ability to recover damages is limited by 35 U.S.C. §§286-288.

### Fourth Affirmative Defense (Prosecution History Estoppel)

25.     Plaintiff is barred, in whole or in part, from asserting any interpretation of any claim of the '844 Patent due to prosecution history estoppel and/or disclaimer, including statements, representations, and admissions made during prosecution of the '844 Patent and/or any related patents or patent applications.

### Fifth Affirmative Defense (Patent Misuse)

26.     Plaintiff's claims of infringement are limited or barred by the doctrine of patent misuse.

### Sixth Affirmative Defense (Equitable Defenses)

27.     Plaintiff's attempted enforcement of the '844 Patent against Defendant is barred by one or more of the equitable doctrines of laches, estoppel, acquiescence, waiver, consent, and unclean hands.

### Seventh Affirmative Defense (Failure to Mark)

28.     To the extent that Plaintiff and any predecessors in interest to the '844 Patent failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, Defendant is not liable to Plaintiff for the acts alleged to have been performed before Defendant received actual notice that it was allegedly infringing the claims of the '844 Patent.

### Eighth Affirmative Defense (Innocent Purchaser)

29.     Defendant is not liable for the claims of the '844 Patent as Defendant was an innocent purchaser (of the allegedly infringing security protocol) for value and with no knowledge of Plaintiff's alleged ownership of the '844 Patent.

4

**Ninth Affirmative Defense (Failure to Mitigate)**

30.     Plaintiff has failed to mitigate damages, if any, it may have sustained

**Tenth Affirmative Defense (Reservation of Rights)**

31.     Discovery in this case has yet to begin, and Defendant's investigation of its defenses is continuing.  Therefore, Defendant reserves the right to rely upon such additional defenses as may become available or apparent during discovery and reserve the right supplement or amend its answer and/or its affirmative defenses, and to assert counterclaims.

**DEMAND FOR JURY TRIAL**

32.     Defendant demands a jury trial on all matters so triable.

Date: September 9, 2024                    Respectfully submitted:

                                          By: */s/ Jeffrey J. Phillips*
                                               Jeffrey J. Phillips
                                               Texas Bar No. 24037279
                                               jphillips@spencerfane.com
                                               SPENCER FANE LLP
                                               3040 Post Oak Blvd., Suite 1400
                                               Houston, Texas 77056
                                               Telephone:  713-212-2710
                                               Facsimile:  713-963-0859

                                               *Attorney for Defendant Cawley*
                                               *Partners, LLC*

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing document was served on all parties

who have appeared in this case on September 9, 2024 via the Court's CM/ECF system.


_/s/ Jeffrey J. Phillips_
Jeffrey J. Phillips

HOU 6104911.1